**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF GEORGIA MACON DIVISION**

| | | |
|---|---|---|
| **JENNA HATTAWAY, as Surviving Spouse of Desmond Layne Hattaway, and as Personal Representative of the Estate of Desmond Layne Hattaway, Deceased,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **Case No.: 5:25-cv-18-CAR** |
| **GEORGIA DEPARTMENT OF CORRECTIONS, *et al.*,** | : | |
| **Defendants.** | : | |

**ORDER ON MOTION TO DISMISS AND CONSTRUED MOTION TO AMEND**

After suffering a mental health crisis, Desmond Layne Hattaway ("Decedent") hung himself with a pair of pants and died in a mental health observation cell at the Georgia Diagnostic & Classification Prison ("GDCP"). Plaintiff Jenna Hattaway, as Decedent's surviving spouse and the administrator of his estate, first filed a lawsuit against the Georgia Department of Corrections ("GDC") and nine GDC officers, alleging they violated the Eighth Amendment and caused Decedent's death by failing to carry out a mental health order restricting Decedent's clothing to a suicide smock and placing him under observation.[1] Plaintiff later filed a second lawsuit against Defendant Centurion of

[1] Doc. 1-1 at 5-19 (hereinafter "GDC Complaint").

Georgia, LLC, the entity that provided mental health services for GDC, and its employee or agent, Defendant Angela Boatwright (the "Centurion Defendants"), alleging mental health staff violated the Eighth Amendment and caused Decedent's death by failing to fully communicate the mental health order to prison security staff.[2] The Court consolidated the two wrongful death actions.[3] Plaintiff then filed—without first requesting the Court's leave—a "Recast Complaint" consolidating both actions' claims and factual allegations.[4] Subsequently, the Centurion Defendants filed their Motion to Dismiss Plaintiff's wrongful death claims because they are barred by the statute of limitations and all § 1983 claims because Plaintiff fails to state a claim.[5]

The Court **CONSTRUES** Plaintiff's "Recast Complaint" [Doc. 18] as a Motion for Leave to File a Consolidated Amended Complaint.[6] For the reasons explained below, Plaintiff's Construed Motion to Amend [Doc. 18] is **DENIED**, Plaintiff's Motion requesting a hearing [Doc. 38] is **DENIED as unnecessary**; and the Centurion Defendants' Motion to Dismiss [Doc. 19] is **GRANTED**. Thus, the following claims against Defendant Boatwright are **DISMISSED**: (a) Plaintiff's claims brought in her capacity as Decedent's surviving spouse for (1) wrongful death under O.C.G.A. § 51–4–2(a), (2) wrongful death under 42 U.S.C. § 1983, and (3) attorney's fees under 42 U.S.C. §

---

[2] *Hattaway v. Centurion of Georgia LLC*, Case No. 5:25-cv-448-CAR, Doc. 1 (hereinafter "Centurion Complaint").

[3] Doc. 17.

[4] Doc. 18.

[5] Doc. 19.

[6] Doc. 18.

1988; and (b) Plaintiff's claims brought under federal law in her capacity as the administrator of Decedent's estate for (1) survival damages of (i) pre-death pain and suffering and (ii) funeral and other necessary expenses under § 1983, and (2) attorney's fees under § 1988. The following claims brought under state law in Plaintiff's capacity as the administrator of Decedent's estate are going forward: (a) Plaintiff's direct claims against Defendant Boatwright for (1) medical malpractice, (2) pre-death pain and suffering, (3) funeral and other necessary expenses, and (4) punitive damages; and (b) Plaintiff's vicarious liability claims against Defendant Centurion for the remaining state-law claims against Defendant Boatwright.[7]

The Court hereby **LIFTS** the stay of discovery [Doc. 24] entered in this consolidated action and **DIRECTS** the Parties to file a proposed scheduling and discovery order for this consolidated action in accordance with the Court's form within

---

[7] Although the Court has dismissed Plaintiff's federal claims that created the Court's original jurisdiction, the Court will continue to exercise supplemental jurisdiction over Plaintiff's remaining state law claims against the Centurion Defendants in this consolidated action. "A district court . . . has the discretion to continue to exercise [supplemental] jurisdiction over state law claims in a case even after dismissing the federal claim that created the original jurisdiction." *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1242–43 (11th Cir. 2007) (per curiam) (citing *Palmer v. Hosp. Auth.*, 22 F.3d 1559, 1568 (11th Cir. 1994)). In deciding whether to exercise supplemental jurisdiction, "a district court should consider factors such as 'judicial economy, convenience, fairness to the parties, and whether all the claims would be expected to be tried together[.]'" *Bravo v. Loor-Tuarez*, 727 F. App'x 572, 577 (11th Cir. 2018) (quoting *Palmer*, 22 F.3d at 1569). All factors weigh in favor of retaining jurisdiction in this consolidated action. Plaintiff's claims for wrongful death and survival damages against the GDC Defendants and her remaining claims for medical malpractice and survival damages against the Centurion Defendants involve common facts (concerning the events preceding Decedent's death) and can be tried together, thereby conserving judicial resources and promoting convenience. Moreover, Plaintiff's remaining claims for medical malpractice and survival damages against the Centurion Defendants do not raise any novel or complex issue of state law, and fairness concerns appear neutral. Thus, the Court will continue to exercise supplemental jurisdiction over Plaintiff's remaining state law claims in the Centurion Complaint.

**21 days** of this Order's date.

**PROCEDURAL HISTORY**

On April 16, 2023, Decedent hung himself with a pair of pants and died in a mental health observation cell at the GDCP in Jackson, Georgia. Six months later, on October 16, 2023, Plaintiff was appointed as the administrator of Decedent's estate.

On December 3, 2024, Plaintiff, as Decedent's surviving spouse and the administrator of his estate, filed suit in the Superior Court of Butts County against the GDC and nine GDC officers in their individual capacities for wrongful death, asserting claims for (1) Eighth Amendment deliberate-indifference against the GDC officers under 42 U.S.C. § 1983 and (2) negligence against the GDC under the Georgia Tort Claims Act ("GDC Complaint").[8] On January 13, 2025, the GDC Defendants removed the action—Case No. 5:25-cv-18-CAR—to this Court.[9]

On October 14, 2025, Plaintiff, as Decedent's surviving spouse and the administrator of his estate, filed a second suit against the Centurion Defendants in this Court—Case No. 5:25-cv-448-CAR ("Centurion Complaint"), claiming mental health staff's failure to fully communicate a mental health order (restricting Decedent's clothing to a suicide smock and placing him under observation) to prison security staff breached the standard of care for prison mental health providers, violated the Eighth

[8] GDC Complaint.
[9] Doc. 1.

Amendment's prohibition against deliberate indifference to a prisoner's serious medical needs, and caused Decedent's death.[10] Plaintiff asserts state and federal claims against Defendant Boatwright and contends Defendant Centurion is vicariously liable for all state claims against Defendant Boatwright.[11] In her capacity as Decedent's surviving spouse, Plaintiff asserts the following claims: (1) wrongful death under O.C.G.A. § 51–4–2(a);[12] (2) wrongful death under 42 U.S.C. § 1983;[13] and (3) attorney's fees under 42 U.S.C. § 1988.

---

[10] Centurion Complaint. It is unclear which claims Plaintiff asserts, and which alleged facts support them, because her Complaint is a "shotgun pleading." *Id.* A complaint that violates either Rule 8(a)(2) or Rule 10(b) is a "shotgun pleading." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 10(b) provides: "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense." Fed. R. Civ. P. 10(b). The Centurion Complaint is a "shotgun pleading" because Plaintiff did not separate each cause of action into different counts, and she included "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland,* 792 F.3d at 1320. The Complaint fails to separate her separate claims into separate counts. Centurion Complaint at ¶¶18-23. Instead, the Complaint lumps multiple, vague claims into a six-paragraph section entitled "[t]heories of [l]iability[.]" *Id.* Accordingly, the Centurion Complaint fails to identify which factual allegations are relevant to the elements of which legal theories. Ordinarily, "[w]hen a litigant files a shotgun pleading, is represented by counsel, and fails to request leave to amend, a district court must sua sponte give him one chance to replead before dismissing his case with prejudice on non-merits shotgun pleading grounds." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). Because Defendant moves to dismiss claims asserted in the Centurion Complaint as barred by the statute of limitations and for failure to state a claim, and Plaintiff filed a proposed consolidated amended complaint, the Court will resolve the Motion rather than order Plaintiff to replead. *See* Docs. 18, 19.

[11] Centurion Complaint at 10 n.1.

[12] *See* O.C.G.A. § 51–4–2(a) (authorizing a cause of action for wrongful death—the full value of the decedent's life—by the surviving spouse (or surviving child if there is no surviving spouse)); *cf.* O.C.G.A. § 51–4–5(a) (authorizing a cause of action for wrongful death by the estate only if there is no surviving spouse or child); *see also Seay v. Valdosta Kidney Clinic, LLC*, 353 Ga. App. 378, 379 (2020) ("In a typical case, therefore, a spouse has exclusive standing to bring a claim for the wrongful death of the decedent[.]") (citations omitted).

[13] Under Eleventh Circuit precedent, Georgia's wrongful death and survival actions are incorporated into federal law under 42 U.S.C. § 1988(a)—the civil rights choice of law statute—so that persons with standing

And in her capacity as the administrator of Decedent's estate, Plaintiff asserts the following claims: state law claims for (1) medical malpractice, (2) pre-death pain and suffering,[14] (3) funeral and other necessary expenses,[15] and (4) punitive damages; and federal law claims for (1) survival damages of (i) pre-death pain and suffering and (ii) funeral and other necessary expenses under § 1983, and (2) attorney's fees under § 1988. Plaintiff asserts Defendant Centurion is vicariously liable for all state law claims against Defendant Boatwright.[16]

On November 19, 2025, Plaintiff filed a motion to consolidate the two actions which the Court granted.[17] The Court administratively closed Case No. 5:25-cv-448-CAR and ordered the Parties to file any future filings in the consolidated action—Case No. 5:25-cv-18-CAR.[18] But the Court did not direct Plaintiff to file a consolidated complaint.[19]

---

under Georgia law can recover wrongful death and survival damages under § 1983. *See Carringer v. Rodgers*, 331 F.3d 844 (11th Cir. 2003); *Brazier v. Cherry*, 293 F.2d 401 (5th Cir. 1961).

[14] *Carroll Fulmer Logistics Corp. v. Hines*, 309 Ga. App. 695, 697, 710 S.E.2d 888, 891 (2011), *overruled on other grounds by Auld v. Forbes*, 309 Ga. 893, 848 S.E.2d 876 (2020) ("The Georgia survival statute at O.C.G.A. § 9–2–41 provides that the decedent's personal representative has the right to recover separate damages for the decedent's pre-death physical and mental pain and suffering."); *see also Mays v. Kroger Co.*, 306 Ga. App. 305, 306 (2010) (citing O.C.G.A. §§ 51–4–2(a), –5(a); *Blackstone v. Blackstone*, 282 Ga. App. 515, 518, n.5 (2006)) ("[A] survivor's statutory claim for a decedent's wrongful death and an estate's common-law claim for the same decedent's pain and suffering are distinct causes of action.").

[15] O.C.G.A. § 51–4–5(b) ("When death of a human being results from a crime or from criminal or other negligence, the personal representative of the deceased person shall be entitled to recover for the funeral, medical, and other necessary expenses resulting from the injury and death of the deceased person.").

[16] Centurion Complaint at 10 n.1.

[17] Docs. 16, 17.

[18] Doc. 17 at 4.

[19] *Id.*

Later, without first requesting the Court's leave, Plaintiff filed a "Recast Complaint," consolidating the claims and factual allegations asserted in the GDC Complaint and the Centurion Complaint.[20] The Centurion Defendants then filed their pending Motion to dismiss Plaintiff's wrongful death claims because they are barred by the statute of limitations and all § 1983 claims for failure to state a claim.[21] The Centurion Defendants do not move to dismiss Plaintiff's state-law claims against Defendant Boatwright for (1) medical malpractice, (2) pre-death pain and suffering, (3) funeral and other necessary expenses, and (4) punitive damages brought in Plaintiff's capacity as the administrator of Decedent's estate.[22]

## FACTUAL ALLEGATIONS

Defendant Centurion "had a contract to provide mental health services for the Department of Corrections," and Defendant Boatwright "was an employee or agent of Centurion who was aware of the mental health order to place [Decedent] in a strip cell behind glass in a suicide smock."[23]

---

[20] Doc. 18.
[21] Doc. 19.
[22] *Id.* Defendants addressed their Motion to the Centurion Complaint and, alternatively, the "Recast Complaint." Doc. 19-1 at 1 n.1. Notably, Defendants later amended their Motion by withdrawing their request to dismiss Plaintiff's state-law medical malpractice claims. See Doc. 37.
[23] Centurion Complaint at 9.

On April 13, 2023, Decedent arrived at the GDCP in Jackson, Georgia.[24] That morning, "L. Davis[,]" a mental health professional, completed Decedent's mental health screening which documented Decedent's need for further evaluation or monitoring.[25]

The next day, on April 14, 2023, Decedent was brought to the medical treatment room, and Registered Nurse ("RN") Billingslea noted Decedent was "psychotic[,] . . . paranoid, [and displaying] possible drugs use."[26] Mental health provider Angel Perez sent to RN Billingslea the following telephone orders: "to 'place [Decedent] in D House behind the glass for mental health observation. Mental Health to assess on Monday. Strip down and place in green smock.'"[27] Later, Licensed Practical Nurse ("LPN") Myron Hayes noted GDC officers brought Decedent to the medical treatment room "secondary to being irate and uncooperative."[28] LPN Hayes also noted Decedent repeatedly said, "they are going to kill me," and wrote Decedent's pupils were dilated at 6 mm and reactive to light.[29] GDC officers removed Decedent from the medical treatment room.[30]

---

[24] *Id.* at 4.
[25] *Id.*
[26] *Id.* at 5.
[27] *Id.*
[28] *Id.* Plaintiff states "[o]n April 15, 2024, LPN Myron Hayes documented that [Decedent] was brought to the treatment room by officers secondary to being irate and uncooperative." *Id.* The year appears to be a typo. *Id.* It is unclear whether Plaintiff alleges that LPN Myron Hayes documented an event that occurred on April 14, 2023, the next day, or that he documented an event that occurred on April 15, 2023, the same day. *Id.*
[29] *Id.*
[30] *Id.*

Decedent was moved to the mental health observation cell in a containment suit but also wore a pair of orange pants.[31] Decedent requested and received an additional pair of orange pants.[32]

At 2:00 p.m., on April 16, 2023, "the last reported cell check was [performed]."[33] Under GDC policy, "[a]n offender placed in observation cells must be on a fifteen (15) minute watch at minimum to be conducted by the security staff[,]" and "[i]f admitted during off-duty hours, a Qualified Mental Health Provider must evaluate the offender within twelve (12) hours of placement."[34] Plaintiff alleges Decedent's cell was not checked every 15 minutes but acknowledges "the mental health staff [had] [Decedent] evaluated by a mental health professional within 12 hours of his placement per policy and per [mental health] provider Angel Perez's order[.]"[35] Four and one-half hours after the last cell check, at 6:36 p.m., a GDC officer noticed that the toilet was overflowing in Decedent's cell and "found him hanging by the bars in the cell with a ligature made from the second pair of orange pants."[36]

---

[31] *Id.* at 6.
[32] *Id.*
[33] *Id.*
[34] *Id.* at 6.
[35] *Id.* at 7.
[36] *Id.* at 6-7.

## DISCUSSION

The Court will first address Plaintiff's Recast Complaint construed as a Motion for Leave to File a Consolidated Amended Complaint, and then address the Centurion Defendants' Motion to Dismiss.

### Construed Motion to Amend [Doc. 18]

Because Plaintiff seeks her Recast Complaint to supersede her previous Complaints and serve as her only operative pleading in this consolidated action, Plaintiff seeks to amend both her Complaints and file a consolidated complaint.[37] As a result, the Court **CONSTRUES** Plaintiff's Recast Complaint as a Motion for Leave to File a Consolidated Amended Complaint [Doc. 18]. Typically, the liberal standard under Fed. R. Civ. P. 15(a) governs whether a court should grant leave to amend. Under Rule 15(a), the court should freely give leave to amend when justice so requires.[38] But when a motion to amend is filed after the time set forth in the Court's scheduling order, as here,[39] the party must first demonstrate "good cause" under Rule 16(b).[40] The good cause standard "precludes modification unless the schedule cannot 'be met despite the diligence of the

---

[37] Docs. 18, 18-1.
[38] Fed. R. Civ. P. 15(a).
[39] Plaintiff filed her Recast Complaint after the scheduling order's deadline for filing motions to amend. *See* Doc. 4.
[40] *See* Fed. R. Civ. P. 16(b)(4); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998).

party seeking the extension.'"[41] Plaintiff does not identify any good cause. Accordingly, Plaintiff's construed Motion to Amend is **DENIED** [Doc. 18].

Plaintiff contends the Court ordered her to file a consolidated complaint in its Order granting consolidation under Rule 42(a) of the Federal Rules of Civil Procedure.[42] But the Court did no such thing. The Court administratively closed Case No. 5:25-cv-448-CAR and ordered the Parties to file any future filings in the consolidated action—Case No. 5:25-cv-18-CAR.[43] The Court did not consolidate the cases for "all purposes" or merge them into one, and the two cases retained their separate identities, thereby remaining separate as to parties, pleadings, and judgment.[44] To avoid any future confusion, the Court clarifies that the two cases were consolidated for purposes of discovery and trial only. Going forward, both the GDC Complaint and the Centurion Complaint will be separate, operative complaints in this consolidated action.

**Motion to Dismiss [Doc. 19]**

The Centurion Defendants contend (1) Plaintiff's wrongful death claims are barred by the statute of limitations, and (2) Plaintiff fails to state a § 1983 claim. The Court agrees.

---

[41] *Sosa*, 133 F.3d at 1418 (quoting Fed. R. Civ. P. 16 advisory committee's notes).
[42] Doc. 18 at 2 n.1; Doc. 18-1.
[43] Order Mot. Consolidate, Doc. 17 at 4.
[44] *Hall v. Hall*, 584 U.S. 59, 71-77 (2018) (explaining the default meaning of consolidation under Rule 42(a)).

**(1) Wrongful Death Claims**

In her capacity as Decedent's surviving spouse, Plaintiff asserts her wrongful death claims under O.C.G.A. § 51–4–2(a) and § 1983 to recover the full value of Decedent's life. Georgia's two-year statute of limitations for personal injury actions applies to both claims.[45] And wrongful death actions accrue at the time of death.[46] Here, Decedent died on April 16, 2023. Thus, Plaintiff's wrongful death claims accrued on that date, and the statute of limitations expired two years later on April 16, 2025. Plaintiff filed the Centurion Complaint on October 14, 2025, almost six months after the statute of limitations ran. As a result, Plaintiff's wrongful death claims are barred by the statute of limitations.

Plaintiff contends her wrongful death claims are timely because O.C.G.A. § 9-3-92 tolled the statute of limitations from Decedent's death until October 16, 2023, when she was appointed as the administrator of Decedent's estate. But § 9-3-92 does not apply to

---

[45] O.C.G.A. § 9-3-33 (providing two-year limitations period for injuries to the person); *Armstrong v. Cuffie*, 311 Ga. 791, 796, 860 S.E.2d 504, 508 (2021) (citing O.C.G.A. § 9-3-33) ("Generally, actions for wrongful death and personal injury must be brought within two years after the right of an action accrues."); *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008) ("All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought.").

[46] *Miles v. Ashland Chem. Co.*, 261 Ga. 726, 727 (1991) (citing *Lovett v. Garvin*, 232 Ga. 747, 748 (1974); *Burns v. Brickle*, 106 Ga. App. 150, 153 (1962)) (ruling action for wrongful death under Georgia law accrues to heirs at time of decedent's death, not at time cause of injury is discovered); *Kitchens v. Brusman*, 280 Ga. App. 163, 164 (2006) (quoting *Miles*, 261 Ga. at 727–728) ("An action for wrongful death [under Georgia law] must be brought within two years, but it '"accrues" to the heirs at death[.]'"); *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (quoting *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)) (ruling that "accrual occurs [for § 1983 claims] when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief[.]") (cleaned up); *see also McClinton v. Berry*, No. 5:22-CV-109 (MTT), 2024 WL 4293012, at *4 (M.D. Ga. Sept. 25, 2024) (holding § 1983 wrongful death claim accrued on date of death).

wrongful death claims. Captioned "Unrepresented estate[,]" § 9-3-92 provides that "the time between the death of a person and the commencement of representation upon his estate or between the termination of one administration and the commencement of another shall not be counted against his estate in calculating any limitation applicable to the bringing of an action[.]"[47] Because § 9-3-92 exists to benefit a decedent's estate, the estate tolling provision only applies "when the estate has an actual interest in the suit or the claim."[48] Accordingly, § 9-3-92 "applies to estate claims, not claims brought on behalf of the next of kin."[49] Although an estate can bring a wrongful death action on the next of kin's behalf if no person is entitled to bring it,[50] all wrongful death claims belong to and benefit the next of kin, not the decedent's estate.[51] Because wrongful death claims neither belong to nor benefit the decedent's estate, the decedent's estate has no interest in the next of kin's wrongful death claims. Simply put, wrongful death claims are not estate claims. As a result, Georgia Courts have long ruled that the estate tolling provision does not apply to wrongful death claims—regardless of whether they are brought by an estate.[52] Therefore, § 9-3-92 did not toll Plaintiff's wrongful death claims.[53]

---

[47] O.C.G.A. § 9-3-92.
[48] *Metro. Atlanta Rapid Transit Auth. v. Maloof*, 304 Ga. App. 824, 826-27 (2010).
[49] *Maloof*, 304 Ga. App. at 826-27.
[50] O.C.G.A. § 51-4-5(a).
[51] *Maloof*, 304 Ga. App. at 826-27 (citing *Patellis v. King*, 52 Ga. App. 118, 125–126(2) (1935)).
[52] *Id.*; *Patellis*, 52 Ga. App. at 125–126.
[53] *See, e.g.*, *McClinton*, 2024 WL 4293012, at *4 (holding O.C.G.A. § 9-3-92 did not toll § 1983 wrongful death claim brought by the decedent's surviving parents).

**(2) Section 1983 Claims**

The Centurion Defendants contend Plaintiff fails to state a § 1983 claim for Eighth Amendment deliberate-indifference against Boatwright[54] because Plaintiff fails to plausibly establish Defendant Boatwright "acted with subjective recklessness as used in the criminal law."[55] The Court agrees.

On a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pled facts in a plaintiff's complaint.[56] But the Court is "not bound to accept as true a legal conclusion couched as a factual allegation" because "a legal conclusion . . . [is] not entitled to the assumption of truth."[57] To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[58] A claim is plausible where the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[59] The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports a plaintiff's claims.[60] "Where a complaint

---

[54] Plaintiff does not assert any § 1983 claims against Defendant Centurion. Centurion Complaint at 10 n.1.
[55] *McClinton v. Warden, Baldwin State Prison*, 172 F.4th 1276, 1282 (11th Cir. 2026) (quoting *Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024)).
[56] *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009).
[57] *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted).
[58] *Iqbal*, 556 U.S. at 678 (2009) (quoting *Twombly*, 550 U.S. at 570).
[59] *Id.*
[60] *Twombly*, 550 U.S. at 556.

pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."[61]

A prison official's deliberate indifference to the serious medical needs of prisoners violates the Eighth Amendment's prohibition of cruel and unusual punishment.[62] To state a § 1983 claim for Eighth Amendment deliberate-indifference, a plaintiff must plausibly allege: (1) "he suffered a deprivation that was, objectively, sufficiently serious" and (2) "the defendant acted with subjective recklessness as used in the criminal law[.]"[63] To satisfy the second subjective element, the plaintiff must sufficiently allege "the defendant was actually, subjectively aware that **[the defendant's] own conduct** caused a substantial risk of serious harm to the plaintiff[.]"[64] Put differently, the plaintiff must plausibly allege "the defendant actually knew that [the defendant's] conduct—**[the defendant's] own acts or omissions**—put the plaintiff at substantial risk of serious harm[.]"[65] "This focus on the [defendant's] actual 'mental attitude' 'isolates those who inflict punishment' from those who do not, ensuring that 'only inflictions of punishment carry liability.'"[66]

---

[61] *Iqbal*, 556 U.S. at 678.
[62] *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).
[63] *McClinton*, 172 F.4th 1276, 1282 (11th Cir. 2026) (citing *Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024).
[64] *Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024) (emphasis added).
[65] *McClinton*, 172 F.4th at 1283 (quoting *Wade*, 106 F.4th at 1253) (emphasis added). The plaintiff must show that "the official was aware of a specific risk[,]" not just "a generalized or abstract knowledge of a danger to the prisoner." *Id.*
[66] *Id.* (quoting *Wade*, 106 F.4th at 1259).

Plaintiff fails to allege sufficient facts from which the Court could reasonably infer that Defendant Boatwright "acted with subjective recklessness as used in the criminal law[]" because Plaintiff does not identify any acts or omissions made by Defendant Boatwright. Plaintiff alleges only one factual allegation that relates to Defendant Boatwright: "Defendant Angela Boatwright was an employee or agent of Centurion who was aware of the mental health order to place [Decedent] in a strip cell behind glass in a suicide smock."[67] Plaintiff does not allege any facts concerning Defendant Boatwright's conduct during Decedent's time at the GDCP or her awareness of the specific risk to Decedent caused by her conduct. Plaintiff does not allege Defendant Boatwright was located at the GDCP during that time, what role she occupied then, or how she became aware of the mental health order.[68] As a result, the Court cannot reasonably infer that Defendant Boatwright "act[ed] 'consciously' such that [her] acts or omissions knowingly ha[d] the effect of inflicting a punishment upon [Decedent]."[69] Therefore, Plaintiff's § 1983 claims must be dismissed for failure to state a claim.

---

[67] Centurion Complaint at 9. Plaintiff's assertion that Defendant "Boatwright had actual knowledge of a risk of serious harm to [Decedent] yet consciously disregarded that risk[]" amounts to a formulaic recitation of her deliberate-indifference claim's second element and thus, is a legal conclusion not entitled to be assumed true. *Id.* at 10.

[68] *Id.*

[69] *McClinton*, 172 F.4th at 1283 (quoting *Farmer v. Brennan*, 511 U.S. 825 (1994)).

## CONCLUSION

For the reasons explained above, Plaintiff's Construed Motion to Amend [Doc. 18] is **DENIED**, Plaintiff's Motion requesting a hearing [Doc. 38] is **DENIED as unnecessary**; and the Centurion Defendants' Motion to Dismiss [Doc. 19] is **GRANTED**. Thus, the following claims against Defendant Boatwright are **DISMISSED**: (a) Plaintiff's claims brought in her capacity as Decedent's surviving spouse for (1) wrongful death under O.C.G.A. § 51–4–2(a), (2) wrongful death under 42 U.S.C. § 1983, and (3) attorney's fees under 42 U.S.C. § 1988; and (b) Plaintiff's claims brought under federal law in her capacity as the administrator of Decedent's estate for (1) survival damages of (i) pre-death pain and suffering and (ii) funeral and other necessary expenses under § 1983, and (2) attorney's fees under § 1988. The following claims brought under state law in Plaintiff's capacity as the administrator of Decedent's estate are going forward: (a) Plaintiff's direct claims against Defendant Boatwright for (1) medical malpractice, (2) pre-death pain and suffering, (3) funeral and other necessary expenses, and (4) punitive damages; and (b) Plaintiff's vicarious liability claims against Defendant Centurion for the remaining state-law claims against Defendant Boatwright.[70]

---

[70] Although the Court has dismissed Plaintiff's federal claims that created the Court's original jurisdiction, the Court will continue to exercise supplemental jurisdiction over Plaintiff's remaining state law claims against the Centurion Defendants in this consolidated action. "A district court . . . has the discretion to continue to exercise [supplemental] jurisdiction over state law claims in a case even after dismissing the federal claim that created the original jurisdiction." *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1242–43 (11th Cir. 2007) (per curiam) (citing *Palmer v. Hosp. Auth.*, 22 F.3d 1559, 1568 (11th Cir. 1994)). In deciding whether to exercise supplemental jurisdiction, "a district court should consider factors such as 'judicial economy, convenience, fairness to the parties, and whether all the claims would be expected to be

The Court hereby **LIFTS** the stay of discovery [Doc. 24] entered in this consolidated action and **DIRECTS** the Parties to file a proposed scheduling and discovery order for this consolidated action in accordance with the Court's form within **21 days** of this Order's date.

**SO ORDERED,** this 17th day of August, 2026.

s/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

tried together[.]'" *Bravo v. Loor-Tuarez*, 727 F. App'x 572, 577 (11th Cir. 2018) (quoting *Palmer*, 22 F.3d at 1569). All factors weigh in favor of retaining jurisdiction in this consolidated action. Plaintiff's claims for wrongful death and survival damages against the GDC Defendants and her remaining claims for medical malpractice and survival damages against the Centurion Defendants involve common facts (concerning the events preceding Decedent's death) and can be tried together, thereby conserving judicial resources and promoting convenience. Moreover, Plaintiff's remaining claims for medical malpractice and survival damages against the Centurion Defendants do not raise any novel or complex issue of state law, and fairness concerns appear neutral. Thus, the Court will continue to exercise supplemental jurisdiction over Plaintiff's remaining state law claims in the Centurion Complaint.